UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | COMPLAINT |
| v. | Freedom of Information Act, 5 U.S.C. § 552 |
| PUBLIC BUILDINGS REFORM BOARD, an agency of the United States, | |
| Defendant. | |

## I.   INTRODUCTION

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by the Public Buildings Reform Board (PBRB) related to the proposed sale of the federal facility that houses the National Archives at Seattle. More than seven months have passed since the Office of the Attorney General (AGO) filed a FOIA request seeking documents related to PBRB's decision to recommend the sale of the National Archives at Seattle, but PBRB still has not provided a single document even though it previously indicated it would begin rolling productions. Instead, PBRB has now demanded $65,400 from the State of Washington for PBRB to contract out the redaction of responsive materials prior to releasing any documents, completely ignoring the State's request for a fee waiver.

2. On January 26, 2020, the Office of Management and Budget (OMB) approved a recommendation by the PBRB to sell the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 (the Seattle facility). The Seattle facility is currently occupied by the U.S. National Archives and Records Administration (NARA) and houses the National Archives at Seattle.

3. The National Archives at Seattle provides public access to permanent records created by Federal agencies and courts in Alaska, Idaho, Oregon, and Washington. It houses a significant body of tribal and treaty records relating to the federally recognized tribes and native corporations in the Pacific Northwest, including records from Bureau of Indian Affairs offices and Indian agencies and schools in Alaska, Idaho, Oregon, and Washington. It also maintains 50,000 files related to the Chinese Exclusion Act of 1882, as well as some records related to the internment of Japanese-Americans in World War II. The National Archives at Seattle is routinely used by researchers, historians, genealogists, and tribes in the Pacific Northwest.

4. The PBRB's report recommending the sale of the Seattle facility (the PBRB Report[1]) proposes moving the federal records and archival materials at the Seattle facility to other NARA facilities in Kansas City, Missouri and Riverside, California.

5. Neither PBRB nor OMB conducted outreach to state, local, or tribal officials prior to publicly announcing the sale of the facility housing the National Archives at Seattle. As a result, no state, local, or tribal officials were given an opportunity to present information detailing how the pending sale would harm them. There were also no public hearings in Washington, Idaho, Oregon, or Alaska, where members of the public could have provided input and information about the importance of keeping records at the Seattle facility in the Pacific Northwest.

---

[1] *High Value Assets Report: Key Findings and Recommendations Pursuant to the Federal Asset Sale and Transfer Act of 2016 ("FASTA")*, PBRB (Oct. 31, 2019), https://www.pbrb.gov/assets/uploads/20191227%20High%20Value%20Assets%20Report%20as%20Required%20by%20FASTA.pdf (last visited Sept. 14, 2020).

COMPLAINT 2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

6. The PBRB Report describes several shortcomings in the agency's decision-making process. For example, the report notes the PBRB "did not benefit from the Section 11 FASTA directive that OMB, in consultation with GSA [the General Services Administration], develop standards and criteria to use in evaluating agency submissions and making recommendations to the PBRB." As the report goes on to explain, "[t]o the best of the PBRB's knowledge, the standards and criteria were never developed."

7. Nevertheless, OMB approved the PBRB's recommendation to sell the Seattle facility and 11 other properties, including a second property in Washington State—an Auburn warehouse complex (the Auburn complex) located at 400 15th Street SW, Auburn, WA 98001.

8. On February 3, 2020, the AGO submitted a request for certain documents to the PBRB (the FOIA Request), via both electronic mail and the U.S. Postal Service.

9. The AGO's February 3, 2020 FOIA Request sought (1) "[a]ll records and communications related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115"; (2) records and communications related to the Auburn facility; and (3) "all records and communications with [OMB] related to the standards and criteria for use in identifying assets and making recommendations pursuant to Sections 11(b) through 11(d) of the Federal Assets Sale and Transfer Act of 2016."

10. The AGO also requested a fee waiver for its FOIA request pursuant to 40 C.F.R. § 2.107(l), because the Attorney General is a public officer of the State of Washington and has no commercial interest in this request and, significantly, because disclosure of the requested records is in the public interest and will contribute significantly to public understanding of how PBRB selected the National Archives at Seattle for sale.

11. On February 3, 2020, following transmission of its FOIA Request, the AGO received an electronic mail response from fastainfo@pbrb.gov stating "[y]our email to the Public Buildings Reform Board has been received."

12. On February 19, 2020, the AGO received an additional electronic mail message from a PBRB representative assigning the FOIA Request control number PBRB-2020-01 and requesting a call to discuss the requested records and fee waiver.

13. On February 24, 2020, the parties held a telephonic conference on the FOIA Request. During that call, the AGO declined to narrow the scope of its requests. To expedite the production of responsive records, however, the AGO agreed to receive documents from the PBRB on a rolling basis and also agreed to the prioritization of records relating to the proposed sale of the Seattle facility. Following the call, on February 24, 2020, the AGO sent the PBRB an email summarizing the parties' agreement with respect to the processing of its FOIA Request and asked the PBRB to respond if it had a different understanding. The PBRB never responded to the email.

14. The AGO did not receive any documents responsive to its request or any further communications from the PBRB relating to the FOIA Request until July 20, 2020. On that date, a new attorney for PBRB emailed the State to advise that the agency had collected an "extensive" amount of material. Completely ignoring the State's request for a fee waiver, the agency responded that it had "solicited bids from service providers to redact the material for production to your office" and "[t]he lowest bid for the service is Sixty Five Thousand Four Hundred Dollars ($65,400.00)." The communication further stated "[i]f you would like us to proceed, we will need you to provide us the necessary funds to defray the stated cost."

15. On August 17, 2020, the AGO sent a letter to PBRB seeking reconsideration of its request that the AGO pay $65,400 in redaction costs and imploring the agency to begin rolling productions of responsive materials. To the extent the agency was unwilling to do so, the AGO requested additional information as to PBRB's reasoning, including about the nature and volume of the anticipated redactions. Nearly a month later, however, the PBRB still has not responded.

16. In light of the critical regional importance of the records held at the National Archives of Seattle, Washingtonians and all residents of the Pacific Northwest, including the

many federally-recognized tribes and native corporations in this region, deserve to know how the decision was made to sell the Seattle facility and to relocate the federal archives records of the Pacific Northwest to NARA facilities in Missouri and California without any further undue delay and without significant costs being unfairly imposed upon the State.

## II.   JURISDICTION AND VENUE

17. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

18. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as the FOIA Request was issued from a State of Washington office in Seattle, in the Western District of Washington.

## III.   PARTIES

19. Plaintiff State of Washington is a sovereign entity and brings this action to protect its own sovereign and proprietary rights, and as *parens patriae* on behalf of its affected citizens and residents. The Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include acting in federal court on matters of public concern. This challenge is brought pursuant to the Attorney General's independent constitutional, statutory, and common law authority to bring suit and obtain relief on behalf of the State of Washington.

20. Defendant Public Buildings Reform Board is an agency of the United States. The PBRB has possession of and control over the records sought by the AGO in its February 3, 2020 FOIA Request.

## IV.   STATUTORY BACKGROUND

21. FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." *Id.* § 552(a)(3).

22. "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. *Id.* § 552(a)(6)(A).

23. FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees. 5 U.S.C. § 552(a)(4)(A). FOIA provides that documents should be produced at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

24. An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original).

25. A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

V. STATEMENT OF FACTS

26. On February 3, 2020, the AGO submitted a request for certain documents to the PBRB, via both electronic mail and the U.S. Postal Service (Exhibit 1).

27. The AGO's February 3, 2020 FOIA Request sought:

    a. "All records and communications related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115, which was

identified as a "high value asset" and recommended for sale by the [PBRB] pursuant to [FASTA]."

      b.     "All records and communications related to the Auburn Complex located at 400 15th Street SW, Auburn, WA 98001, which was identified as a "high value asset" and recommended for sale by the [PBRB] pursuant to [FASTA]."

      c.     "All records and communications with [OMB] related to the standards and criteria for use in identifying assets and making recommendations pursuant to Sections 11(b) through 11(d) of [FASTA]."

28. On February 3, 2020, following transmission of its FOIA Request, the AGO received an electronic mail response from fastainfo@pbrb.gov stating "[y]our email to the Public Buildings Reform Board has been received."

29. On February 19, 2020, the AGO received an additional electronic mail message from a PBRB representative assigning the FOIA Request control number PBRB-2020-01 and requesting a call to discuss the requested records and fee waiver.

30. On February 24, 2020, the parties held a telephonic conference on the FOIA Request. During that call, the AGO declined to narrow the scope of its requests. To expedite the production of responsive records, however, the AGO agreed to receive documents from the PBRB on a rolling basis and also agreed to the prioritization of records relating to the proposed sale of the Seattle facility. Following the call, on February 24, 2020, the AGO sent an email to the PBRB summarizing the parties' agreement with respect to the processing of its FOIA Request and asked the PBRB to respond if it had a different understanding. (Exhibit 2.) The PBRB did not respond. Nor did the PBRB deny the State's request for a fee waiver.

31. The PBRB was required by FOIA to respond to the AGO's FOIA Request, including the AGO's request for a fee waiver, by no later than March 10, 2020.

32. Following the parties' February 24, 2020 phone call and correspondence, the AGO received no further communication from the PBRB regarding the FOIA Request until

July 20, 2020. On that date, a new attorney for PBRB emailed the State to advise that the agency had collected an "extensive" amount of material. Completely ignoring the State's request for a fee waiver, the agency responded that it had "solicited bids from service providers to redact the material for production to your office" and "[t]he lowest bid for the service is Sixty Five Thousand Four Hundred Dollars ($65,400.00)." The communication further stated "[i]f you would like us to proceed, we will need you to provide us the necessary funds to defray the stated cost." The agency alternatively stated that it would "solicit new quotes for redaction services" if the AGO were to narrow the scope of its request. (Exhibit 3.)

33. On August 17, 2020, the AGO responded to PBRB's email in which the agency demanded payment of $65,400.00 prior to producing any responsive materials. (Exhibit 4.) In its letter, the AGO asked PBRB to reconsider its position, grant the State's requested fee waiver, and begin producing responsive materials immediately at no cost to the State of Washington.

34. Nearly a month has passed and PBRB has not responded to the AGO's request for reconsideration. Nor has PBRB advised the AGO that unusual circumstances apply. Indeed, the AGO has received no response from PBRB whatsoever.

## VI.   FIRST CLAIM FOR RELIEF

**Violation of the Freedom of Information Act – Failure to Respond**
**5 U.S.C. § 552(a)(3), (a)(4)(B)**

35. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

36. The PBRB violated FOIA by failing to respond to the FOIA Request, including the AGO's request for a fee waiver, within twenty business days.

## VII. SECOND CLAIM FOR RELIEF

**Violation of the Freedom of Information Act – Failure to Produce Records**
**5 U.S.C. § 552(a)(3), (a)(4)(B)**

37. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

38. The PBRB further violated FOIA by failing to promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the FOIA Request.

## VIII. THIRD CLAIM FOR RELIEF

**Violation of the Freedom of Information Act – Improper Denial of Fee Waiver**
**5 U.S.C. § 552(a)(4)(A)**

39. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

40. Plaintiff has demonstrated that it is entitled to a waiver of fees associated with the processing its FOIA requests, because disclosure of responsive records will likely contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the Plaintiff.

41. PBRB violated FOIA's mandate to grant the AGO a fee waiver when it demanded $65,400.00 in redaction costs prior to the release of any documents. 5 U.S.C. § 552(a)(4)(A).

## IX. PRAYER FOR RELIEF

The State of Washington respectfully requests that this Court:

1. Declare that the PBRB violated FOIA by failing to make a determination on the FOIA Request within the time period prescribed by law;

2. Declare that the PBRB violated FOIA by failing to promptly provide all responsive records, or reasonably segregable portions of lawfully exempt responsive records;

3. Declare that the PBRB waived its right to request fees for processing the AGO's request by failing to respond timely to the request or, alternatively, declare that PBRB violated

COMPLAINT 9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  FOIA when it determined that the AGO is not entitled to a waiver of all fees associated with the
2  processing of its FOIA request and declare that the AGO is entitled to a fee waiver;
3     4.   Order the PBRB to provide a determination on the FOIA Request, at no cost to
4  the State of Washington;
5     5.   Order the PBRB to release all records responsive to the FOIA Request within
6  twenty days of this Court's order, at no cost to the State of Washington;
7     6.   Enjoin the PBRB from withholding agency records and order the production of
8  all agency records improperly withheld from the State of Washington, at no cost to the State of
9  Washington;
10    7.   Retain jurisdiction over this action to ensure the processing of FOIA Request is
11 in compliance with FOIA and any orders of this Court;
12    8.   Award Plaintiff its costs of litigation, including reasonable attorney fees as
13 provided by FOIA, and any other applicable provision of law; and
14    9.   Grant such other relief as the Court may deem just and proper.
15    RESPECTFULLY SUBMITTED this 16th day of September, 2020.

ROBERT W. FERGUSON
Attorney General

*/s/ Lauryn K. Fraas*
LAURYN K. FRAAS, WSBA #53238
Assistant Attorney General
Lauryn.Fraas@atg.wa.gov

*/s/ Nathan K. Bays*
NATHAN K. BAYS, WSBA #43025
Assistant Attorney General
Nathan.Bays@atg.wa.gov

Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
*Attorneys for Plaintiff State of Washington*